# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD and MARYANNA PAGE,** | : | **CIVIL NO. 1:17-CV-190** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **KELLERMEYER BERGENSONS** | : | |
| **SERVICES, LLC, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM ORDER

## THE BACKGROUND OF THIS CASE IS AS FOLLOWS

This personal injury case began as a *pro se* lawsuit. However, following the filing of this initial *pro se* complaint, the plaintiffs retained counsel, who filed an amended complaint. (Doc. 9.) That amended complaint is now the operative pleading in this lawsuit.

On March 17, 2017, the defendant moved to strike certain allegations from this amended complaint. (Doc. 13.) Specifically, the defendant moved to strike paragraph 18 of the amended complaint, which appears to be a typographical error since it apparently refers to a different lawsuit. Further, the defendant sought to strike the specified sums of unliquidated damages, $1,500,000 set forth in the amended complaint. Finally, the defendant moved to strike all references to "reckless" conduct

from the amended complaint.

The plaintiffs have not responded to this motion, and the time for filing a response has now passed. Therefore, in the absence of any response from the plaintiffs, the motion will be deemed ripe for resolution.

For the reasons set forth below, the motion to strike will be GRANTED, in part, in that paragraph 18 of the amended complaint, and the specified sums of unliquidated damages will be STRICKEN from the amended complaint.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982). As one

court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In this case, we note at the outset that, under the Local Rules of this Court the plaintiffs should be deemed to not oppose this motion, since the plaintiffs have failed to timely oppose the motion. Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiffs to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement,

> together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

In this case the plaintiffs have not complied with the local rules by filing a timely response to this motion. Therefore, this failure now permits us under Rule 7.6 to deem the plaintiffs to not oppose this motion.

In any event a merits analysis of the motion reveals that the motion should be granted, at least in part. At the outset, it is apparent that paragraph 18 of the amended complaint, on its face, refers to some other case and different parties. This typographical error is not relevant to the instant case and presents a potential for confusion and unfair prejudice. Therefore, paragraph 18 is STRICKEN.

Likewise, the plaintiffs' demand for $1,500,000, in unliquidated damages is improper. Rule 12(f) of the Federal Rules of Civil Procedure imposes a duty on the Court to review pleadings and provides that the Court may at any time order stricken from any pleading any immaterial matter. Fed. R. Civ. P. 12(f). Decisions regarding whether such matters may be stricken from a complaint are properly presented to a United States Magistrate Judge for determination in the first instance. <u>Singh v. Superintending School Committee of the City of Portland</u>, 593 F. Supp. 1315 (D. Me.

1984). In this case, the plaintiffs' claim for a specified amount of unliquidated damages, $1,500,000, violates Local Rule 8.1 which provides, in part, that: " The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P. 8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.* The short plain statement of jurisdiction, required by Fed.R.Civ.P.8(a)(1), shall set forth any amounts needed to invoke the jurisdiction of the court but no other." Local Rule 8.1 (emphasis added). Since this prayer for relief violates Local Rule 8.1 by specifying a particular amount of unliquidated damages, IT IS ORDERED this specific dollar claim is STRICKEN from the amended complaint.[1] Instead, in lieu of a specified sum of unliquidated damages, it will be deemed that the plaintiffs are simply asserting a claim for damages in excess of $75,000, the jurisdictional threshold for federal diversity jurisdiction. Of course, at trial the plaintiffs will remain free to seek any amount of damages supported by the law and the facts.

## ORDER

---

[1] While the defendant also invites us to strike any reference to recklessness from the amended complaint, at present we will decline to do so. Allegations of recklessness have some arguable relevance to any punitive damages claim the plaintiffs may pursue and in our view it would be premature to strike these allegations at the outset of this lawsuit.

Upon consideration of the Defendant's unopposed motion to strike (Doc. 13) IT IS ORDERED as follows: The motion GRANTED, in part, in that paragraph 18 of the amended complaint, and the specified sums of unliquidated damages will be STRICKEN from the amended complaint. In lieu of a specified sum of unliquidated damages, it will be deemed that the plaintiffs are simply asserting a claim for damages in excess of $75,000, the jurisdictional threshold for federal diversity jurisdiction, and this order is entered without prejudice to the plaintiffs seeking any amount of damages supported by the law and the facts.

So ordered this 12th day of April, 2017.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge